IN THE UNITES STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| JAN STEPHENS §§§§ **Plaintiff,** §§ v. § **CA No. 5:25-CV-00051-RWS-JBB** §§ **PLEASANT GROVE INDEPENDENT** § **SCHOOL DISTRICT** §§§ **Defendant.** § | |

## JOINT CONFERENCE REPORT

**TO THE HONORABLE DISTRICT JUDGE:**

    Now Come Plaintiff, Jan Stephens and Defendant, Pleasant Grove Independent School District, and file this Joint Report pursuant to the Court's Order Governing Proceedings of May 28, 2025, Doc. 11, and for such joint report would respectfully show the court as follows:

a) State Where and when the conference among the parties required by Federal Rule of Civil Procedure 26(f) was held, identify the counsel who attended for each party, including names, address, bar number, phone numbers, and email address, and, if applicable, identify the counsel and any unrepresented person(s) who will appear at the Scheduling Conference on behalf of the parties:

    William S. Hommel, Jr.
    State Bar No. 09934250
    bhommel@hommelfirm.com
    Hommel Law Firm PC
    5620 Old Bullard Road, Suite 115
    Tyler, Texas 75703
    903-596-7100 Phone/Facsimile
    Attorney for Plaintiff

      Meredith Prykryl Walker
      State Bar No. 24056487
      mwalker@wabsa.com
      Walsh, Gallegos, Kyle, Robinson & Roalson, P.C.
      105 Decker Court, Suite 700
      Irving, Texas 75062
      214-574-8800
      214-574-8801 Facsimile
      Attorney for Defendant

b)  List the correct names of the parties to this action;

    Jan Stephens – Plaintiff
    Pleasant Grove Independent School District - Defendant

c)  List any related cases pending in any state or federal court. Include the case numbers, the courts, and how they are related;

    None.

d)  Briefly describe in 3 paragraphs or less: (a) What this case is about and (b) each claim or defense;

**Plaintiff's Contentions**

Plaintiff asserts Defendant violated the Americans with Disabilities Act and the Texas Commission on Human Rights Act by discharging Plaintiff. 42 U.S.C. § 12101 *et seq.;* Texas Labor Code §21.001 *et seq.* Under 42 U.S.C. §12112 and the Texas Labor Code, §21.001 *et seq.*, it is unlawful for an employer to discriminate against any individual with respect to her disability. Defendant is an employer under the ADA and the TCHRA. Plaintiff was qualified for and could perform the essential functions of her job at the time of her termination. Plaintiff was terminated as a direct result of her disability related to her impairment related to a leg fracture and also ataxia. Defendant violated both the ADA and TCHRA by intentionally discriminating against Plaintiff

because of her disability by terminating Plaintiff's employment. Plaintiff's disability was a determining or motivating factor in Defendant's decision to terminate Plaintiff's employment. Alternatively, Defendant violated both the ADA and TCHRA by failing to accommodate Plaintiff's need to have modified job duties as a result of her disability. Defendant also failed to engage in the interactive process to determine what, if any, modifications would be required for Plaintiff to perform the essential functions of her job or whether additional unpaid leave would be required for Plaintiff to continue her employment. Alternatively, Defendant violated both the ADA and TECHRA by regarding her as being disabled when it made the decision to terminate Plaintiff.

The Family and Medical Leave Act contains two distinct provisions: (1) an entitlement clause and (2) an anti-discrimination clause. See 29 U.S.C. §§ 2612, 2615. The entitlement clause provides a series of entitlements which give certain rights to employees such as the right to have their job back once they return from a qualified leave. The FMLA also contains provisions that prevent an employer from retaliating against an employee for taking FMLA leave. See 29 U.S.C. §2615(a) and 29 U.S.C. §2615(b). Defendant is in willful violation of the FMLA. Defendant violated 29 U.S.C. §2612, §2614 and 29 U.S.C. §2615(a) and 29 U.S.C. §2615(b). Plaintiff availed herself of a protected right under the FMLA and was subsequently terminated. There is a causal connection between the Plaintiff's protected activity and Defendant's decision to terminate Plaintiff. Plaintiff's taking of FMLA was a motivating factor in the decision to terminate, and as such was a cause of Plaintiff's damages, as set forth below.

**Defendant's Contentions**

Defendant denies Plaintiff's contentions and asserts it did not discriminate against Plaintiff in violation of the ADA and the TCHRA or otherwise violate the FMLA. Defendant asserts

Plaintiff is not a qualified individual under the ADA as she cannot perform her essential job functions, even with a reasonable accommodation. Moreover, Defendant asserts it engaged in the interactive process with Plaintiff, holding multiple conferences with her to discuss the essential functions of her job and possible reasonable accommodations. Regardless, the District states it had legitimate, non-discriminatory reasons for any adverse employment actions challenged by Plaintiff. Moreover, the District asserts it complied with the FMLA at all times and that neither Plaintiff's disability nor any request for FMLA motivated or played any part in for any adverse employment actions challenged by Plaintiff.

e) Specify the basis of federal jurisdiction;

This Court has jurisdiction to hear the merits of Ms. Stephens's claims under 28 U.S.C. §1331 and 42 U.S.C. §12117(a). The Court has supplemental jurisdiction over Ms. Stephens's claims arising under Texas statutory law under 28 U.S.C. §1367.

f) Identify the parties who disagree with Plaintiff's jurisdictional allegations and state the reasons for disagreement;

None.

g) List anticipated additional parties that may be included, when they might be added and by whom;

None.

h) State whether the parties are exempt from initial disclosures under Rule 26(a)(1)(B);

No, parties will exchange initial disclosures.

i) If the parties disagree on any part of the discovery plan or case schedule, describe the opposing views;

None.

j) State whether the parties request entry of a Protective Order or E-Discovery Order to govern this case;

See attachments.

k) State the progress made toward settlement, if any, and the present status of settlement negotiations;

None.

l) If the parties have already agreed on a specific mediator, state the name and address of the mediator and at what stage of the litigation mediation would be most appropriate.  In the event the parties are not able to agree at this time on whether they want to mediate and/or on the name of a specific mediator, the Court notes that its sample docket control order provides a deadline for the parties to inform the Court as to whether they agree to mediate, and if so, to file a joint motion indicating a deadline for such mediation and also whether the parties have agreed upon a mediator.

The parties agree to mediate with John Brookman. If Mr. Brookman's availability does not line up with the parties' availability, the parties will jointly choose an alternative mediator and update the Court accordingly.

>   John Brookman
>   604 East 4th Street, Suite 201
>   Fort Worth, Texas 76102

The parties believe mediation would be appropriate after they have engaged in some discovery and possibly conducted several depositions.

m) State whether a jury demand has been made and if it was made on time;

Plaintiff has made a jury demand.

n) Specify the approximate number of hours each party will need to present evidence and cross-examine witnesses in the trial of this case;

8 hours

o) List all pending motions;

None.

p) Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the Court at the Scheduling Conference.

None.

This Joint Report was prepared by counsel for Plaintiff and Defendant collectively. At this time the parties are not aware of any further issues that need to be included in this Joint Report.

Parties do not think the scheduling conference is warranted and request that the Court enter the parties' proposed order and cancel the scheduling conference.

    Respectfully submitted,

/s/ *William S. Hommel, Jr.*
William S. Hommel, Jr.
State Bar No. 09934250
bhommel@hommelfirm.com
Hommel Law Firm PC
5620 Old Bullard Road, Suite 115
Tyler, Texas 75703
903-596-7100 Phone/Facsimile

ATTORNEY FOR PLAINTIFF

*/s/ Meredith Walker*
Meredith Walker
State Bar No. 24056487

Walsh, Gallegos, Kyle, Robinson
& Roalson, P.C.
105 Decker Court, Suite 700
Irving, Texas 75062
214-574-8800
214-574-8801 Facsimile

ATTORNEY FOR DEFENDANT